CHARLES G. WATERBURY, Respondent, *v.* JOHN A. BOUKER, Impleaded with THE MAYOR, Etc., and others, Appellant.

*Injunction — damages — order of reference to ascertain — right of party enjoined to.*

The plaintiff procured a temporary injunction restraining the defendant from proceeding with certain work. Upon the return of an order to show cause, the court refused to continue the injunction, and directed that the action be discontinued, without costs. Subsequently defendant moved for a reference to ascertain the damages sustained by the injunction, which motion was denied. *Held*, that this was error, and that the reference should have been granted.

Appeal from an order denying a motion by the defendant Bouker for a reference, under section 222 of the Code, to ascertain the damages sustained by him by reason of an injunction which was granted in this action.

This action was brought by the plaintiff in part to restrain the defendants from interfering with or preventing the plaintiff from doing certain public work in the city of New York, and to restrain the defendants from doing or attempting to do any of such work.

On the 10th day of March, 1876, on the complaint in the action, Mr. Justice Donohue made an injunction order restraining the defendants, according to the prayer of the said complaint.

The plaintiff gave the usual undertaking on injunction with surety, which contained a provision for the ascertainment of damages by a reference or otherwise, as the court shall direct.

Upon the return of the order to show cause contained in the said injunction order, and on the 29th day of March, 1876, the defendant moved upon his answer to vacate the injunction.

The court reserved its decision on the motion until the 7th day of December, 1876, when it "ordered that the motion to continue said injunction be denied and the temporary injunction be and hereby is vacated, but with leave to the plaintiff to discontinue this action, without costs, and the plaintiff so electing in open court, it is further ordered that this action be and the same hereby is discontinued, without costs to either party as against the other."

The defendant Bouker thereupon, on an affidavit and order to

show cause, made a motion for a reference to ascertain the damages sustained by him by reason of the injunction order, which motion was denied.

*Edward H. Hobbs,* for the appellant Bouker.

*Albert Cardozo,* for the respondent.

DANIELS, J. :

It was held in this case that the plaintiff was not entitled to a continuance of the injunction, which was issued to restrain the performance of certain public work by the defendant, and leave was thereupon given the plaintiff, on his motion, to discontinue the action without costs. An order was entered for that purpose, and upon the usual affidavit a motion was made on behalf of the defendant for a reference to ascertain the damages sustained by him in consequence of the injunction. That is the usual course of proceeding under the circumstances presented. By the orders made denying the continuance of the injunction and discontinuing the action, it did finally appear that the plaintiff was not entitled to the injunction he had obtained. (*Hope* v. *Acker,* 7 Abb., 308; *Carpenter* v. *Wright,* 4 Bosw., 655; *Pacific Mail Steamship Co.* v. *Leuling,* 7 Abb. [N. S.], 37; *Park* v. *Musgrave,* 13 S. C. N. Y., [6 Hun], 223.) The proceedings in the action were completely ended, and in that respect the case differs from *Weeks* v. *Southwick* (12 How., 170), where the referee directed the complaint to be dismissed, but no judgment to that effect had been entered in the action. A reference after the final determination against the right of the plaintiff to the injunction is very much a matter of course, for the purpose of ascertaining the defendant's damages. (*Dunkin* v. *Lawrence,* 1 Barb. [S. C.], 447; *Coates* v. *Coates,* 1 Duer, 664, and *Park* v. *Musgrave, supra*). A denial of it in this case would be an inconvenient precedent in the way of the success of future applications of the same nature. If it should be sustained in this case it could be with the same propriety in all others, which would not fail to result in serious embarrassment to parties improperly restrained and enjoined.

In the present crowded condition of the Circuit calendars, a reference is by far the easiest and most expeditious course for ascertain-

ing the defendant's damages; and it has usually been quite uniformly adopted for that purpose in this class of cases. The defendant showed that he had sustained damages by reason of the restraint imposed upon him. He was not deprived of his right to recover them by the denial of costs, and justice requires that he should be allowed to pursue the ordinary course in establishing their extent. That practice has been provided for by the Code (§ 222), and it was sanctioned by the course of proceeding followed in the late Court of Chancery. The plaintiff showed no good reason why the defendant should not be allowed to avail himself of its benefits in this case.

The order should be reversed with ten dollars costs, and the reference ordered which was applied for. The order will direct reference to Hon. DANIEL P. INGRAHAM.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs. Reference ordered to Hon. DANIEL P. INGRAHAM.